UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ZAMBRANO GUERRA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF GOLDEN STATE<br>ANNEX, et al.,<br><br>    Respondents. | No.  1:26-cv-4597 DAD AC<br><br><br>ORDER |

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion to proceed in forma pauperis.  ECF Nos. 1, 2.  Petitioner's motion to proceed in forma pauperis will be granted.  Petitioner is authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

Petitioner has also requested the appointment of counsel.  ECF No. 3.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  Petitioner has not shown, to the court's satisfaction, that the interest of justice would be served by the appointment of counsel at the present time.  Petitioner's motion for appointment of counsel will therefore be denied without prejudice to renewal at a later date.

1

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In this case, petitioner alleges that he has been detained for three months and that his detention violates due process because he is being subjected to prolonged mandatory detention without a bond hearing. ECF No. 1 at 2, 5, 7-17. These facts are insufficient to support petitioner's claim that he has been denied due process.

Because it is not clear that leave to amend would be futile, petitioner will be given an opportunity to amend the petition. An amended petition should, at a minimum, provide factual allegations regarding the circumstances that led to petitioner's current detention, whether petitioner has received a bond hearing, and whether petitioner has previously been detained by immigration and/or released.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED and petitioner is authorized to proceed in forma pauperis without prepayment of the filing fee in this action.

2. Petitioner's motion to appoint counsel (ECF No. 3) is DENIED without prejudice to refiling at a later date.

3. Within thirty days of the service of this order, petitioner may file an amended petition that provides factual allegations to support each claim for relief. Failure to file an amended petition will result in a recommendation that this action be dismissed for failure to state a claim for relief.

4. To ensure this court's jurisdiction to resolve the pending § 2241 petition, respondents shall not transfer petitioner outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to

////

2

preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: June 17, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3