UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ZAMBRANO GUERRA, A-201-223-302,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-v-4597 DAD AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, a self-represented immigration detainee, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 8. This action was referred to the undersigned the district judge and by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondent be enjoined from re-detaining petitioner absent pre-deprivation procedures.

I. Factual Background[1]

Petitioner, a native and citizen of Mexico, entered the United States in or around the year

[1] In their response to the amended petition, respondents did not deny petitioner's factual allegations. As such, the facts contained in the petition are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 10; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

1997. ECF Nos. 1 at 4, 8 at 19. On December 14, 2011, after an encounter with law enforcement, petitioner was taken into immigration custody. ECF No. 10-1 at 3. In or around 2011, pursuant to his application for cancellation of removal, petitioner applied for and was granted work authorization. See ECF Nos. 8 at 5 & 19, 10-1 at 26.

On or about September 22, 2023, an immigration judge denied petitioner's application for cancellation of removal and ordered petitioner removed to Mexico. ECF Nos. 8 at 21, 10-1 at 26. Petitioner timely appealed the decision to the Board of Immigration Appeals ("BIA"); the appeal remains pending. ECF No. 8 at 21.[2]

On September 17, 2024, petitioner's employment authorization was renewed until September 16, 2029. Id. at 19. Petitioner complied with Immigration and Custom Enforcement ("ICE") check-ins, until he was re-detained on March 27, 2026. Id. at 5. Petitioner has not receive a pre- or post-deprivation bond hearing and remains detained at the Golden State Annex Detention Facility. Id.; see also ECF No. 10 at 1.[3]

II. Procedural History

This court received petitioner's pro se petition for writ of habeas corpus. ECF No. 1. Because the facts were insufficient to support a habeas claim, and amendment did not appear futile, petitioner was given leave to amend his petition. ECF No. 6.

Petitioner filed an amended petition challenging his detention under the Fifth Amendment Due Process Clause. ECF No. 8. The court liberally construed the amended petition to assert two distinct violations of his due process rights—one based on prolonged detention without bond hearing, and another based on the revocation of petitioner's release—and ordered a response to

---

[2] The Executive Office of Immigration Review ("EOIR") automated case information system, available at https://acis.eoir.justice.gov/en/, confirms the same. The court takes judicial notice of this information. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] The court takes judicial notice of the information on the ICE Inmate Locator website, operated by the Department of Homeland Security, available at https://locator.ice.gov/odls/#/search (last visited September 2, 2026), which confirms that as of the date of this order, petitioner remains in custody at California City Immigration Processing Center. See Fed. R. Evid. 201; O'Neill, 386 F.3d at 1224 n.2

the petition and that such response

> shall substantively address whether there are any factual or legal issues that materially distinguish it from the court's prior orders in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), Perez v. Albarran, No. 1:25-cv-1540 DAD CSK, 2025 WL 3187578 (E.D. Cal. Dec. 9, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable.

ECF No. 9. The court warned that "[t]he court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id. The court further ordered that "[a]ny response must include petitioner's I-213 for each immigration encounter, any orders of release or detention, any custody warrants or notices, and, if respondents dispute any factual representations in the operative petition, any and all documents necessary to support their view of the facts." Id.

Respondents filed an answer. ECF No. 10. Petitioner did not file a reply. The case is deemed submitted.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

////

////

IV. Discussion

Respondents' three-sentence response to the amended petition presents no factual or legal issues that materially distinguish this case from the court's prior orders in Ayala Cajina, Perez or other similar cases previously decided by this court. See ECF No. 10. Instead, despite acknowledging the Ninth Circuit recently held that "§ 1226(a) governs Petitioner's detention" and petitioner is "entitled to seek a custody redetermination hearing before an immigration judge," respondents assert petitioner was detained pursuant to § 1225(b)(2)(A) and maintain that § 1225(b)(2)(A) governs petitioner's detention. Id. at 1-2.

Respondents' misplaced focus on the statutory basis for detention fails to address petitioner's procedural due process claims under the Fifth Amendment, and more specifically the due process claim based on revocation of release, as discussed in Ayala Cajina and Perez. In Ayala Cajina and Perez, noncitizens asserted a violation of their due process rights based on the revocation of their prior release. Ayala Cajina, 2025 WL 3251083, at *2; Perez, 2025 WL 3187578, at *2. In each case, the court found that based on petitioners' prior release procedural due process requires a pre-deprivation notice and hearing to determine whether re-detention is warranted. Ayala Cajina, 2025 WL 3251083, at *3-5; Perez, 2025 WL 3187578, at *3-4. Because the petitioners in these cases had not been afforded these procedures, the court ordered their immediate release and enjoined respondents from re-arresting or re-detaining them absent compliance with specific pre-deprivation procedural protections. Ayala Cajina, 2025 WL 3251083, at *6; Perez, 2025 WL 3187578, at *5.

As noted above, respondents were warned that failure to distinguish this case from the cases identified by this court in the minute order would be construed as a concession that the cases are not substantively distinguishable. Accordingly, the court construes respondents' failure to distinguish as a concession that this case is not materially distinguishable from the court's prior orders in Ayala Cajina, Perez or other similar cases previously decided by this court. Moreover, the record in this case shows that petitioner was released from immigration custody sometime between December 2011 and March 2026, and under some form of supervised released, prior to his re-detention in March 2026. See ECF Nos. 8 at 5 & 22, 10-1 at 3.

Considering the facts of this case and respondents' concession, the undersigned adopts and incorporates by reference the reasoning of Ayala Cajina and Perez and finds that due process was violated by petitioner's re-detention without a hearing before a neutral adjudicator at which the government was required to justify his re-detention by clear and convincing evidence. See Ayala Cajina, 2025 WL 3251083, at *3-5; Perez, 2025 WL 3187578, at *3-4; see also Sharma v. Warden of Golden State Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718, at *5 (E.D. Cal. Apr. 29, 2026) ("[T]his court has [routinely] found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released, . . . the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.") (quoting Hernandez Gonzalez v. Warden, California City Corr. Ctr., No. 1:26-cv-2630 DC AC, 2026 WL 1069555, at *1 and collecting cases).[4]

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus (ECF No. 8) be GRANTED, as follows:
   a. Respondents shall IMMEDIATELY RELEASE petitioner Gerardo ZAMBRANO GUERRA, A-201-223-302 with the same conditions he was subject to immediately prior to his re-detention on March 27, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.
   b. Respondents shall not impose any restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
   c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner, absent exigent circumstances, unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision

[4] Because relief is appropriate on this claim, the court declines to address petitioner's due process claim based on prolonged detention without a bond hearing, as that claim seeks the same or similar relief (i.e., petitioner's immediate release).

maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release from custody.

3. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE